IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YONGSHENG CHEN, | : | Case No. 4:15-cv-01136 |
| Plaintiff, | : | |
| v. | : | (Judge Brann) |
| THE PENNSYLVANIA STATE UNIVERSITY, | : | |
| Defendant. | : | |

**MEMORANDUM**
December 18, 2015

Pending before this Court is a Motion to Dismiss[1] filed by Defendant The Pennsylvania State University (hereinafter "Penn State") on October 9, 2015 and a Motion for Leave to File a Second Amended Complaint[2] filed by Plaintiff acapella Yongsheng Chen (hereinafter "Dr. Chen"). Dr. Chen seeks to amend his amended complaint,[3] filed on August 28, 2015 by adding three paragraphs, discussed below. Penn State opposes the motion for leave to amend because in its view the proposed amendments do not address the defects in Dr. Chen's amended complaint in light of Penn State's motion to dismiss. Both motions have been fully briefed by the parties and the matters are now ripe for disposition. For the following reasoning,

---

[1] ECF No. 14.
[2] ECF No. 16.
[3] ECF No. 10.

1

Dr. Chen's motion for leave to file a second amended complaint is granted and Penn State's motion to dismiss is denied as moot as to Dr. Chen's amended complaint.

**I. BACKGROUND**

Dr. Chen is a former employee of Penn State where he was an Assistant Professor in the Department of Energy and Mineral Engineering in the College of Earth and Mineral Sciences. Dr. Chen was denied tenure and promotion, which he claims was a result of discrimination based on race and national origin.

Dr. Chen initially filed his complaint, alleging several counts of discrimination based on race and national origin in violation of Title VII, 42 U.S.C. § 2000e et seq. and the Pennsylvania Human Relations Act. Count V of Dr. Chen's complaint, however, is a claim based on breach of contract.

Penn State filed a motion to dismiss Dr. Chen's breach of contract claim. Dr. Chen subsequently filed an amended complaint and this Court denied Penn State's motion to dismiss as moot in light of the amended complaint. Penn State then filed the instant motion to dismiss Count V as to the amended complaint and Dr. Chen filed the instant motion for leave to file second amended complaint.

## II. LEGAL STANDARDS

Rule 15 of the Federal Rules of Civil Procedure provides that a pleading may be amended by leave of court and that "the court should freely give leave when justice so requires."[4] The United States Supreme Court explained:

> "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[5]

In the matter at hand, Penn State argues that amending the pleading would be futile. "'Futility' means that the complaint, as amended would fail to state a claim upon which relief could be granted . . . [as reviewed under] the same standard of legal sufficiency as applies under Rule 12(b)(6)."[6] When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.[7] In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal

---

[4] Fed. R. Civ. P. 15(a)(2).
[5] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[6] *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3d Cir. 1997), *citing Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).
[7] *See Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

conclusions alleged in the complaint.[8]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[9]

A complaint should only be dismissed if, accepting as true all of the allegations in the amended complaint, the plaintiff has not pled enough facts to state a claim to relief that is plausible on its face.[10]  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

"In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading."[12]  Federal Rule of Civil Procedure 8 "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests.'"[13]  Even under this lower notice pleading standard, however, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief.[14]  Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as

---

[8] *Kost*, 1 F.3d at 183.
[9] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).
[10] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007).
[11] *Iqbal*, 556 U.S. at 663-664.
[12] *Hellmann v. Kercher*, No. 07-1373, 2008 WL 1969311 at * 3 (W.D. Pa. May 5, 2008) (Lancaster, J.).
[13] *Twombly*, 550 U.S. at 554 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
[14] *See Hellmann*, 2008 WL 1969311 at *3.

true, suggest the required elements of a particular legal theory.[15]  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief."[16]

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding."[17]  A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law."[18]  If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[19]

## III. DISCUSSION

Penn State argues that Dr. Chen's breach of contract claim should be dismissed because he fails to set forth factual allegations to establish such a claim and instead "relies on language that is too indefinite to be enforceable; permissive language that does not create specific contractual obligations; factual allegations that fail to plausibly or logically state breaches of any identified obligations; immaterial technicalities that did not plausibly result in the tenure denial decision;

---

[15] *See Twombly*, 550 U.S. at 561.
[16] *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)).
[17] *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).
[18] *Id.* at 326.
[19] *Id.* at 327.

or misplaced reliance on an Academic Freedom Policy when the alleged facts fail to suggest any infringement of that policy."[20] Dr. Chen, not unexpectedly, argues that he has pled sufficient facts to establish a breach of contract cause of action.

It is well-established under the law of Pennsylvania that a breach of contract action involves 1) the existence of a contract, 2) a breach of a duty imposed by the contract, and 3) damages.[21] Furthermore, in cases involving university tenure decisions, while substantive review of a university's tenure decision will not be conducted by the courts, the procedural safeguards to which an applicant was contractually entitled to may be reviewed.[22] Dr. Chen, therefore, must plead facts that, at a minimum, establish that he and Penn State entered into a contract, Penn State breached the procedural safeguards imposed by that contract, and Dr. Chen was harmed as a result of the breach. This Court agrees that he has met his burden so as to avoid dismissal of this count under Fed. R. Civ. P. 12(b)(6).

First, Dr. Chen plead facts alleging that he and representatives of Penn State entered into a contract in which certain procedures would be used in determining his tenure eligibility.[23] In his proposed second amended complaint, Dr. Chen attached the contract, entitled "Memorandum of Personal Service," which was

---

[20] ECF No. 20 at 4.
[21] *Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 716 (Pa. Super. Ct. 2005), *citing J.F. Walker Co., Inc. v. Excalibur Oil Group, Inc.*, 792 A.2d 1269 (Pa. Super. Ct. 2002).
[22] *Shepard v. Temple Univ.*, 948 A.2d 852, 857-8 (Pa. Super. Ct. 2008).
[23] ECF No. 16-2 at ¶¶ 144-148 (proposed Second Amended Complaint).

signed by the Penn State Executive Vice President and University Provost and Dr. Chen.[24]

Second, Dr. Chen pled facts alleging that Penn State breached the contract when it failed to follow the procedures the parties had agreed to.[25] Specifically, he alleges that Penn State failed to devise a way to assess his research, as was required in the contract, as evidenced by Penn State's statement that "it is not possible for the Committee to judge the true extent of Prof. Chen's contribution, as most of his papers have five or more authors."[26] Dr. Chen further alleges that Penn State failed to provide his full dossier to the review committee, as required by the contract, and is specific as to which documents were not included.[27] Dr. Chen also alleges that, in violation of the contract, Penn State failed to require a fifth-year annual review,[28] the College of Earth and Mineral Science failed to hold annual group meetings with tenure candidates to discuss the tenure and promotion process and expectations,[29] and Penn State failed to maintain equity among departments in tenure decisions.[30]

---

[24] ECF No. 16-7.
[25] *Id.* at ¶ 149.
[26] *Id.* at ¶ 154.
[27] *Id.* at ¶ 156.
[28] *Id.* at ¶ 160.
[29] *Id.* at ¶ 165.
[30] *Id.* at ¶ 174-178.

Lastly, Dr. Chen alleges that he suffered damages as a result of Penn State's breach of the contract. Specifically, Dr. Chen alleges that he was denied tenure and promotion.[31]

In its motion to dismiss the amended complaint, Penn State first argues that Dr. Chen's allegations refer to policies that are either permissive as opposed to mandatory or insufficiently definite to constitute legally enforceable terms.[32] In its reply brief to Dr. Chen's brief in opposition to Penn State's motion to dismiss the amended complaint, however, Penn State concedes that its policies are "generally enforceable."[33] Penn State further argues that Dr. Chen's factual pleadings do not sufficiently establish a breach of contract. The allegations Penn State points to in support of its argument, however, are not the factual allegations in support of Dr. Chen's breach of contract claim and are only used by Dr. Chen as peripheral statements made to strengthen his factual allegations.

Clearly, Dr. Chen's pleadings constitute more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . "[34] Whether or not Penn State's actions, as pled by Dr. Chen, constitute a breach of contract will be decided in the fullness of time as this litigation progresses.

---

[31] *Id.* at ¶ 187.
[32] ECF No. 15.
[33] ECF No. 19.
[34] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Penn State further argues that because Dr. Chen failed to include the Memorandum of Service in the amended complaint, granting the motion for leave to amend the complaint would cause "undue delay."[35] While the paragraphs and Memorandum of Service Dr. Chen seeks to add certainly bolster the allegations he made in the amended complaint, he nevertheless adequately pled facts that the parties agreed to follow the policies at issue and that Penn State breached its contract.[36] Furthermore, this Court has undertaken the analysis of whether Dr. Chen's breach of contract claim is adequately pled in the instant Memorandum. Granting the motion for leave to amend the pleadings will not cause further delay as the parties need not brief "the issues regarding the defects in [Dr. Chen's] breach of contract claim" yet again.[37]

## IV. CONCLUSION

In accordance with the foregoing analysis, Dr. Chen's motion for leave to amend the amended complaint[38] is granted and Penn State's motion to dismiss[39] is denied as moot, as to the amended complaint. Any future motion to dismiss Count V of the second amended complaint for failure to state a claim upon which relief may be granted will be dismissed in accordance with this Memorandum.

---

[35] ECF No. 20.
[36] ECF No. 10 at ¶¶ 144-146.
[37] ECF No. 20 at 6.
[38] ECF No. 16.
[39] ECF No. 14.

An appropriate Order follows.

                                      BY THE COURT:

                                      <u>s/ Matthew W. Brann</u>
                                      Matthew W. Brann
                                      United States District Judge